IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT ANDREW REED, | * | |
| | * | |
| Petitioner, | * | Civil Action No. PJM-16-1236 |
| | * | |
| v | * | |
| | * | |
| STATE OF MARYLAND, | * | |
| WARDEN MARY LOU MADONNA, | * | |
| | * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM OPINION**

On April 22, 2016, Robert Andrew Reed filed this Petition for Writ of Habeas Corpus in which he claims that he is unlawfully detained at the Prince George's County Detention Center. Reed requests his immediate release. ECF 1.

Reed alleges that upon completing his federal sentence on January 19, 2016, he was arrested and extradited to Maryland without his consent. Reed claims he was kidnapped by sheriffs who arrested him without a warrant in violation of his right to due process. *Id*. The electronic state docket shows Reed is charged with violating probation on his conviction for second-degree sex offense and battery. Reed's violation of probation hearing is scheduled for May 18, 2016, in the Circuit Court of Maryland for Prince George's County.http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CT922030X& loc=65& detailLoc=PG.

Reed asks the Court to intervene in a pending state criminal case. Such intervention runs afoul of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 41 (1971). In most cases, "national policy [forbids] federal courts to stay or enjoin pending state court

proceedings," to allow state courts to determine matters of state law, vindicate important state interests, and address constitutional concerns without interference from federal courts, except when plainly necessary to address a situation of immediate and irreparable injury. *Id*; *see also Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (stating abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings"). Reed does not claim, nor does the Petition suggest, this standard is satisfied. Reed is in the midst of ongoing state criminal proceeding for violating his probation, which implicates important state law enforcement concerns. Further, Reed, who is represented by counsel according to the electronic docket, may raise his due process claims during his state proceeding.

There are no grounds to except this matter from the abstention doctrine. Accordingly, this case will be dismissed without prejudice by separate order.

_____  _____/s/_____
April 29, 2016  PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE